IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sai-E Johari, | : | |
| Plaintiff | : | Civil Action 2:05-cv-289 |
| v. | : | Judge Frost |
| Maryhaven Engagement Center, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Sai-E Johari brings this civil rights action under 42 U.S.C. §1983. Plain-tiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim for relief and recom- mends dismissal of the complaint.

The complaint alleges that on February 26, 2005 plaintiff was treated badly by defendants when he sought shelter. Although other black and white clients were bussed to a shelter, defendant Charles Dailey told plaintiff he would have to stay at the Maryhaven Engagement Center. The complaint further alleges that plaintiff is allergic to cigarette smoke and that Maryhaven permitted resident smokers to smoke in a smok-ing room. He complained about the Maryhaven practice of requiring residents to come to the processing desk to have their

cigarettes lit. An employee explained that residents were not permitted to possess cigarette lighters. Plaintiff was told that if the smoke bothered him he could leave the building. After a further confrontation, plaintiff was told to leave. Similar disputes with the remaining defendants are also alleged.

Standard of review. When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded mater-ial allegations in the com-plaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. The complaint does not state a claim under 42 U.S.C. § 1983 because it does not allege that defendants acted under color of state law. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). Further, it fails to allege the deprivation of a constitutional right. It merely alleges a series of encounters with defendants that involved conduct by them that plaintiff found disrespectful or otherwise not to his satisfaction. Such day-to-day interpersonal disputes are simply not actionable under § 1983. Constitutional pro-visions are designed to protect basic liberties, not to ensure that employees of organiza-tions that invite the public to enter and use their services act politely. Of course, em-ployees of non-profit public service agencies should

treat their clients politely as fellow human beings entitled to dignity and respect.  But when their conduct falls short, the remedy is to complain to someone in authority or to their funding sources, not to file a court suit attempting to elevate a failure to treat a client with respect to a constitutional tort.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DIS-MISSED because the Court lacks subject matter jurisdiction and, alternatively, because the complaint fails to state a claim for relief.

IT IS FURTHER ORDERED that plaintiff's application to proceed without pre-payment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge